UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE CITY DIVISION

TAMICA JACKSON,

    Plaintiff,

v.                                            Case No. 4:19-cv-88-AW/MJF

RED HILLS ORAL AND FACIAL
SURGERY, PA, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This employment discrimination case is before this court on the "Plaintiff's Motion for Partial Summary Judgment," (Doc. 27). Defendants have filed a response. (Doc. 32). For the reasons set forth below, the undersigned respectfully recommends that the motion for partial summary judgment be denied.[1]

**I.    Background**

Plaintiff, proceeding *pro se*, commenced this action against three Defendants—Red Hills Oral & Facial Surgery, Russell Walther, and Bennett Medical Properties. (Doc. 1 at 2). Construed generously in Plaintiff's favor, Plaintiff's complaint alleges the following claims:

---

[1] This case was referred to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

(1) hostile environment harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII");

(2) disparate treatment discrimination—including wrongful termination and failure to promote—in violation of Title VII;

(3) disparate impact discrimination, in violation of Title VII;

(4) retaliation, in violation of Title VII;

(5) an unspecified violation of the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. §§ 651-678;[2]

(6) an unspecified violation of the National Labor Relations Act of 1935 ("NLRA"), 29 U.S.C. §§ 151, *et seq.*;[3]

(7) a violation of 42 U.S.C. § 1981;

---

[2] OSHA does not provide a private right of action for employees. *Am. Fed'n of Gov't Emp., AFL-CIO v. Rumsfeld*, 321 F.3d 139, 143-44 (D.C. Cir. 2003); *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994); *Donovan v. Occupational Safety & Health Review Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976 (5th Cir. 1975).

[3] The NLRA, as amended, among other things, "provides a private right of action for 'violation of contracts between an employer and a labor organization,'" such as a union. *NLRB v. Little River Band of Ottawa Indians Tribal Gov't*, 788 F.3d 537, 555 (6th Cir. 2015) (quoting 29 U.S.C. § 185(a)). Plaintiff has not alleged that she was a member of a labor union, that she had a collective bargaining agreement with her employer, or that her employer interfered with her attempts to form a labor union. There "is no private cause of action against employers to prevent and remedy unfair labor practices under the NLRA; enforcement is left, instead, to the Board." *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 360 n.9 (5th Cir. 2013).

(8) an unspecified claim under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*;[4]

(9) 18 U.S.C. § 208;[5]

(10) Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et seq.*;

(11) Florida Whistle-blower's Act, Fla. Stat. §§ 448.102, 112.3187;

(12) an unspecified claim under Florida's Health Maintenance Organization Act, Fla. Stat. § 641.37;[6]

(13) Revised Florida Arbitration Code, Fla. Stat. § 682.02(1);

(14) an unspecified claim under Florida's Chapter 627 Insurance Rates and Contracts, Fla Stat. § 627;[7]

---

[4] The Federal Arbitration Act provides a private right of action to compel arbitration when the parties previously agreed to arbitrate a dispute, and it authorizes courts to confirm arbitration awards. *Linland v. United States of Am. Wrestling Ass'n, Inc.*, 230 F.3d 1036, 1038 (7th Cir. 2000).

[5] Section 208 of Title 18 of the United States Code is a criminal statute which prohibits a federal employee from participating in government decisions in which he has a financial interest. It does not authorize a private cause of action. *Limpin v. Sec'y of Navy*, 286 F. App'x 429, 430 (9th Cir. 2008).

[6] Florida's "Health Maintenance Organization Act," sections 641.17–.3923, Florida Statutes (2005), "does not provide a private statutory right of action for damages stemming from a violation of one of the Act's provisions." *Quilty v. Envision Healthcare Corp.*, No. 8:18-cv-341-T-33CPT, 2018 WL 2445824, at *5 (M.D. Fla. May 31, 2018) (quoting *Health Options, Inc. v. Palmetto Pathology Servs., P.A.*, 983 So. 2d 608, 613 (Fla. 3d DCA 2008)).

[7] Plaintiff fails to specify under which section of Chapter 627 she is alleging a claim.

(15) Negligence, Fla. Stat. §§ 768.041-768.81;

(16) an unspecified claim under Florida's Workers' Compensation Act, Fla. Stat. §§ 440.02(13), 440.02(15)(a), 440.02(15)(b);[8] and

(17) an unspecified claim under Florida Business Corporation Act, Fla. Stat. § 607.0732(1)(e).[9]

On July 30, 2019, Plaintiff filed a motion for partial summary judgment. (Doc. 27). On September 6, 2019, Defendants filed a response in opposition to Plaintiff's motion for partial summary judgment. (Doc. 32).

## II. Discussion

### A. **Plaintiff Violated Local Rule 56.1(F)**

Plaintiff's failure to comply with Rule 56.1(F) of the Local Rules for the United States District Court for the Northern District of Florida is itself a sufficient reason to deny Plaintiff's motion for partial summary judgment.

Local Rule 56.1(F) states:

---

[8] Plaintiff cites subsections of the Florida Workers' Compensation Act that define the terms "disability" and "employee."

[9] Plaintiff cites Fla. Stat. § 607.0732(1)(e) which states "An agreement among the shareholders of a corporation that complies with this section is effective among the shareholders and the corporation, even though it is inconsistent with one or more other provisions of this chapter, if it: . . . Establishes the terms and conditions of any agreement for the transfer or use of property or the provision of services between the corporation and any shareholder, director, officer, or employee of the corporation or among any of them."

> "**Pinpoint Record Citations Required**. Each memorandum must include pinpoint citations to the record evidence supporting each factual assertion. The Court may, but need not, consider record evidence that has not been properly cited.

N.D. Fla. Loc. R. 56.1(F).[10]

In her motion for partial summary judgment, Plaintiff failed to include pinpoint citations to the evidence that purportedly demonstrates that some of her claims do not entail genuine issues of material fact and instead warrant partial summary judgment in her favor. Absent a concession by the opposing party, pinpoint citations in a memorandum in support of a motion for summary judgment are necessary to permit a court to determine for itself that there are no genuine issues outstanding. Without the benefit of pinpoint citations to relevant portions of the record—or a concession by the opposing party—a district court could not make such a determination unless and until it perused the record. "A district court is not required to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Emerson v. Novartis Pharm. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)).

---

[10] "A district court has discretion to adopt local rules." *Hollingsworth v. Perry*, 558 U.S. 183, 191, 130 S. Ct. 705, 710 (2010); *Frazier v. Heebe*, 482 U.S. 641, 645, 107 S. Ct. 2607, 2611 (1987); *see* 28 U.S.C. § 2071. Such local rules have the force of law. *See Hollingsworth*, 558 U.S. at 191, 130 S. Ct. at 710; *Weil v. Neary*, 278 U.S. 160, 169, 49 S. Ct. 144, 148 (1929) ("a rule of court thus authorized and made has the force of law"); *Chesire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009) (stating that "a valid local rule has the force of law").

Because Plaintiff has failed to direct this court to the portions of the record that purportedly demonstrate her entitlement to partial summary judgment, the district court should deny Plaintiff's motion for partial summary judgment.

### B. <u>Failure to Establish Entitlement to Summary Judgment</u>

Plaintiff's motion for partial summary judgment also fails insofar as Plaintiff has not demonstrated that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law.

Summary judgment is appropriate only if the pleadings, discovery, affidavits, and disclosure materials on file show that there is no genuine disputed issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1355 (1986). At "the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S 242, 249, 106 S. Ct. 2505, 2511 (1986). Accordingly, at the summary judgment stage, a district court may not make credibility determinations or assign weight to any of the evidence in the record. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000). Indeed, in considering a motion for summary judgment, a court must view all of the evidence in the light most favorable to the non-moving parties and draw all reasonable inferences in their

favor. *Flowers v. Troup Cty., Ga., Sch. Dist.*, 803 F.3d 1327, 1335 (11th Cir. 2015). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

Plaintiff's motion for partial summary judgment fails to meet the standard for summary judgment. Indeed, her *twelve-page motion and memorandum* fails to identify on which of her *seventeen claims* she is asking this court to grant summary judgment. Instead, Plaintiff expends multiple pages of her motion citing and quoting irrelevant federal and Florida statutes. A district court has no "obligation to parse a summary judgment record to search out facts or evidence not brought to the court's attention," nor to make arguments not made by the moving party. *Atlanta Gas Light Co. v. UGI Utils., Inc.*, 463 F.3d 1201, 1208 n.11 (11th Cir. 2006). Plaintiff has utterly failed to demonstrate that she is entitled to judgment as a matter of law on any of her seventeen claims.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for partial summary judgment, (Doc. 27), be **DENIED** without prejudice.

2. This case again be referred to the undersigned for further proceedings.

At Panama City Beach, Florida, this 13th day of January, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.