# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE CITY DIVISION

TAMICA JACKSON,

    Plaintiff,

v.                                                                    Case No. 4:19-cv-88-AW/MJF

RED HILLS ORAL AND FACIAL
SURGERY, PA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This employment discrimination case is before this court on Defendants' "Amended Motion to Dismiss with Prejudice and Alternatively Motion for Summary Judgment, (Doc. 25). For the reasons set forth below, the undersigned recommends that Defendants' motion be denied without prejudice.[1]

**I.   Background**

Plaintiff, proceeding *pro se*, commenced this action against three Defendants—Red Hills Oral & Facial Surgery, Russell Walther, and Bennett Medical Properties. (Doc. 1 at 2). In her complaint—which suffers from many

---

[1] This case was referred to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

deficiencies—Plaintiff attempts to allege seventeen claims against Defendants, including claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").[2]

On July 25, 2019, Defendants moved to dismiss Plaintiff's complaint or, in the alternative, for summary judgment on all claims. (Doc. 25). Their motion includes a combined memorandum in support which expends *nine pages* to address Plaintiff's *seventeen claims*. On August 9, 2019, Plaintiff filed a response in opposition to Defendants' motion. (Doc. 28). The parties have not yet begun the discovery process. Indeed, Defendants have not yet filed an answer to Plaintiff's complaint.[3]

## II.   Discussion

### A.   Motion to Dismiss Treated as Motion for Summary Judgment

Insofar as Defendants' motion to dismiss relies on materials extraneous to the pleadings, this court must treat it as a motion for summary judgment. Rule 12(d) of the Federal Rules of Civil Procedure explicitly states: "If, on a motion under Rule

---

[2] In light of the numerous deficiencies in Plaintiff's complaint, an order instructing Plaintiff to amend her complaint will be forthcoming.

[3] "Under the Federal Rules of Civil Procedure, the filing of a timely motion to dismiss tolls the deadline to file an answer." *See Guice v. United States Postal Serv.*, 718 F. App'x 792, 794 (11th Cir. 2017) (citing Fed. R. Civ. P. 12(a)(4)(A)); *Lawhorn v. Atl. Ref. Co.*, 299 F.2d 353, 357 (5th Cir. 1962) ("After . . . a motion to dismiss . . . there is no reason to file any other pleadings until the motion is acted upon.").

12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see Squires-Cannon v. White*, 864 F.3d 515, 517 (7th Cir. 2017) ("[I]f matters outside the pleadings are presented to a court on a Rule 12(b)(6) motion, the court normally must treat the motion as one for summary judgment and give all parties a reasonable opportunity for discovery.").

### B. Prematurity of Defendants' Motion for Summary Judgment

Defendants' motion for summary judgment is premature. Summary judgment is appropriate only if the pleadings, discovery, affidavits, and disclosure materials on file show that there is no genuine disputed issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "Summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (quoting *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988) (determining that because the plaintiffs had been afforded no opportunity for discovery, that consideration of the defendant's motion for summary judgment was erroneous)).

The Eleventh Circuit has "noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Snook*, 859 F.2d at 870 (citing *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1145 (5th Cir. 1973) (en banc)). "Only in the rarest of cases may summary judgment be granted

against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000); *Alabama Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary Judgment should not, therefore, ordinarily be granted before discovery has been completed."). "The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits." *Snook*, 859 F.2d at 870 (citing *Parrish v. Bd. of Comm'rs of the Ala. State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)).

"[T]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Parrish*, 533 F.2d at 948. A "court may grant summary judgment in the early stages of discovery only if 'further discovery would be pointless' and the movant is 'clearly entitled to summary judgment.'" *Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996) (quoting *Robak v. Abbott Lab.*, 797 F. Supp. 475, 476 (D. Md. 1992)).

As it currently stands, the record developed by Defendants does not indicate that further discovery would be futile and that Defendants are entitled to summary

judgment. It is possible that such evidence exists, but Defendants have yet to present such evidence to this court. As discussed below, three of Plaintiff's claims clearly warrant dismissal as a matter of law—but not for any reasons articulated by Defendants in their motion. As to the remaining claims, absent a motion to dismiss and evidence which demonstrates that Plaintiff has failed to state a claim upon which relief may be granted or that this court lacks jurisdiction, Plaintiff should be afforded an opportunity to conduct discovery. *See Snook*, 859 F.2d at 870 (citing *Parrish*, 533 F.2d at 948). Accordingly, Defendants' amended motion to dismiss, which this court has construed as a motion for summary judgment, should be denied without prejudice.

### C. *Sua Sponte* Dismissal of Claims Lacking a Basis in Law

Despite Defendants' failure to move for dismissal on this ground, this court may *sua sponte* dismiss claims that lack a basis in law. Three of Plaintiff's claims clearly should be dismissed for that reason: (1) her claim under the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. §§ 651-678; (2) her claim under 18 U.S.C. § 208; and (3) her claim under Florida's Health Maintenance Organization Act, Fla. Stat. § 641.37.

Because Plaintiff is proceeding *in forma pauperis*, this court is authorized to review her complaint and identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(i) is frivolous or malicious;  (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although Plaintiff is not incarcerated, "[u]nder 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and nonprisoners alike." *Mehmood v. Guerrra*, 783 F. App'x 938, 940 (11th Cir. 2019) (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004); *Troville v. Venz*, 303 F.3d 1256, 1259-60 (11th Cir. 2002)).

Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A.

Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21 (2007) (reiterating that principle).

   1.   *OSHA Claim*

"Congress passed OSHA in 1970 in order to reduce the alarming number of personal injuries and illnesses arising out of hazardous working conditions, and 'to assure safe and healthful working conditions for working men and women in the nation.'" *Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) (alterations in the original adopted). In order to accomplish that goal, OSHA created "two new remedies which permit the Secretary, proceeding before an administrative agency, (1) to obtain abatement orders requiring employers

to correct unsafe working conditions and (2) to impose civil penalties on an employer maintaining any unsafe working condition." *Id.* (quoting *Atlas Roofing Co. v. OSHRC*, 430 U.S. 442, 445, 97 S. Ct. 1261, 1264 (1977)) (alterations in the original adopted).

Pursuant to OSHA, "[e]mployees have been granted specific rights in the investigatory and rule-making stages of the Act, including the right to participate in rule-making proceedings . . . and the right to request that the Secretary conduct a workplace inspection when employees suspect that a violation has occurred or an imminent danger exists . . . ." *Donovan*, 713 F.2d at 926. Nonetheless, "employees have a limited role in the enforcement of the Act." *Id.* OSHA does not provide a private right of action for employees. *Am. Fed'n of Gov't Emp., AFL-CIO v. Rumsfeld*, 321 F.3d 139, 143-44 (D.C. Cir. 2003); *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994); *Donovan*, 713 F.2d at 926; *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976 (5th Cir. 1975). Because OSHA does not create a private right of action, Plaintiff necessarily has failed to state a cognizable claim for a violation of OSHA. Her OSHA claim, therefore, should be dismissed for failure to state a claim upon which relief can be granted.

### 2. *Claim Under 18 U.S.C. § 208*

Section 208 of Title 18 of the United States Code is a criminal statute which prohibits a federal employee from participating in government decisions in which he

has a financial interest. In addressing a predecessor statute, the Supreme Court indicated that the function of the statute "is to protect the public from the corrupting influences that might be brought to bear upon government agents who are financially interested in the business transactions which they are conducting on behalf of the government." *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 563, 81 S. Ct. 294, 316 (1961).

The "fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688, 99 S. Ct. 1946, 1953 (1979). Federal causes of action "must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S. Ct. 1511, 1514 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578, 99 S. Ct. 2479, 2490 (1979)). Only rarely has Congress created a private right of action through enactment of a criminal statute. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316, 99 S. Ct. 1705, 1725 (1979).

Section 208 does not present one of the rare occasions when Congress created a private cause of action by promulgating a criminal statute. *See Limpin v. Sec'y of Navy*, 286 F. App'x 429, 430 (9th Cir. 2008); *Scherer v. United States*, 241 F. Supp. 2d 1270, 1285 (D. Kan.), *aff'd sub nom. Scherer v. U.S., Dep't of Educ.*, 78 F. App'x 687 (10th Cir. 2003); *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 5 n.3 (D.D.C. 1995);  *Saratoga Sav. & Loan Ass'n v. Fed. Home Loan Bank of San Francisco*, 724

F. Supp. 683, 690 (N.D. Cal. 1989). Furthermore, in section 216 of Title 18 of the United States Code, Congress authorized *only the Attorney General* to bring a civil action against a person who violates section 208. 18 U.S.C. § 216(b). When Congress creates a civil action and authorizes only the Attorney General to bring such an action, its lack of any mention of a private cause of action is considered to be intentional. *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19-20, 100 S. Ct. 242, 247 (1979) ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."); *Raleigh Gaston R.R. Co. v. Reid*, 80 U.S. 269, 270 (1872) ("When a statute limits a thing to be done in a particular mode, it includes a negative of any other mode.").

To the extent Plaintiff seeks through this claim to initiate a criminal prosecution of Defendants, a "private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973)); *see McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 756-57 (11th Cir. 2011). Furthermore, this court lacks the "authority to order an investigation to the criminal acts alleged in the complaint, since that is entrusted to the executive branch of the government and not the judiciary." *Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 1987) (citing *United*

*States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (noting that the decision as to which crimes and criminals to prosecute is entrusted by the Constitution to the executive branch)).

Because Plaintiff possesses no private right of action pursuant to 18 U.S.C. § 208, and this court does not possess the authority to order the executive branch of the federal government to investigate and prosecute any crimes alleged in the complaint, Plaintiff's claim under section 208 also should be dismissed for failure to state a claim upon which relief can be granted.

### 3.   *Claim Under Florida's Health Maintenance Organization Act*

"Florida's 'Health Maintenance Organization Act,' sections 641.17–.3923, Florida Statutes (2005), does not provide a private statutory right of action for damages stemming from a violation of one of the Act's provisions." *Quilty v. Envision Healthcare Corp.*, No. 8:18-cv-341-T-33CPT, 2018 WL 2445824, at *5 (M.D. Fla. May 31, 2018); *Health Options, Inc. v. Palmetto Pathology Servs., P.A.*, 983 So. 2d 608, 613 (Fla. 3d DCA 2008) (stating that the Health Maintenance Organization Act, Sections 641.17–641.3923, Florida Statutes "does not specifically provide a private right of action for damages based upon an alleged violation of its requirements"). Because Plaintiff possesses no private right of action for damages based upon an alleged violation of the Florida Health Maintenance Organization Act,

she also has failed to state a claim upon which relief may be granted with respect to this Act.

### III.     Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.   Defendants' "Amended Motion to Dismiss with Prejudice and Alternatively Motion for Summary Judgment," (Doc. 25), be **DENIED** without prejudice.

2.   The district court **DISMISS** Plaintiff's claims asserted pursuant to the following provisions:

    a.   the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678;

    b.   18 U.S.C. § 208; and

    c.   Florida's Health Maintenance Organization Act, Fla. Stat. § 641.37.

At Panama City, Florida, this <u>14th</u> day of January, 2020.

                                    /s/ *Michael J. Frank*
                                    **Michael J. Frank**
                                    **United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.